```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

```
JESSE JOE SOLIZ,                §
TDCJ #1128180,                  §
                                §
        Plaintiff,               §
                                §
v.                              §      CIVIL ACTION NO. H-05-0799
                                §
DR. ROMEO YAP,                  §
                                §
        Defendant.               §
```

**MEMORANDUM OPINION AND ORDER**

Jesse Joe Soliz, a prisoner of the Texas Department of Criminal Justice (TDCJ), has filed a civil rights complaint under 42 U.S.C. § 1983 against a TDCJ psychiatrist, Dr. Romeo Yap. Soliz has not paid the filing fee and apparently intends to proceed as a pauper.

Soliz claims that he has been denied adequate medical care. He alleges that he has a history of mental illness and has been prescribed psychotropic medications while he has been incarcerated. Solis claims, however, that Dr. Yap determined that Soliz only needed counseling and discontinued the medications. Soliz seeks a court order requiring further psychiatric evaluation and treatment for himself. He also asks that his mail be monitored because his requests for legal assistance have gone unanswered. Soliz believes

that he has not gotten any response because someone has tampered with his mail.

Soliz has filed numerous prisoner complaints and appeals while he has been in prison; and at least three of these were dismissed as frivolous.  <u>Soliz v. Linam</u>, No. V-00-041 (S.D. Tex. Jul. 5, 2000); <u>Soliz v. Linam</u>, No. 00-40798 (5th Cir. Apr. 11, 2001) (dismissing appeal of V-00-041 as frivolous); <u>Soliz v. Linam</u>, No. V-96-046 (S.D. Tex. Oct. 19, 1997).

Barring a show of imminent danger, under the Prison Litigation Reform Act of 1995 a prisoner may not file an action without prepayment of the filing fee if he has, on three or more prior occasions, filed a prisoner action in federal court or an appeal in a federal court of appeals that was dismissed as frivolous or malicious.  28 U.S.C. § 1915(g); <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385 (5th Cir. 1996).  Soliz has presented evidence (Docket Entry No. 3) demonstrating that he has been receiving treatment for years, although he has often disagreed with the decisions of the healthcare providers.  There is no indication that Soliz has been neglected or that he is currently at risk of serious harm.  Soliz has therefore failed to show that he is eligible to proceed as a pauper.

Accordingly, the court **ORDERS** that this prisoner action is **DISMISSED without prejudice** to refiling with advance payment of the entire filing fee.  28 U.S.C. § 1915(g).

Soliz's Petition for Appointment of Counsel (Docket Entry No. 2) is **DENIED**.

Soliz's Petition to Present More Evidence (Docket Entry No. 3) is **GRANTED**.

**The Clerk will provide a copy of this Memorandum Opinion and Order to the plaintiff.  The Clerk shall also provide a copy to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker.**

**SIGNED** at Houston, Texas, on this the 12th day of May, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE